LOUIS A. KARASIK (State Bar No. 100672)
CASONDRA K. RUGA (State Bar No. 237597)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
louis.karasik@alston.com
samuel.taylor@alston.com
casondra.ruga@alston.com

Attorneys for Plaintiff
TWENTIETH CENTURY FOX FILM CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>WARNER BROS. ENTERTAINMENT, INC.; WB STUDIO ENTERPRISES, INC.; WARNER BROS. PICTURES and DOES 1 – 10,<br><br>                Defendants. | Case No. CV 08-0889 GAF (AJWx)<br><br>[Honorable Gary A. Feess]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Filing Date:    February 8, 2008<br>Trial Date:     January 6, 2009 |

It is stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged by the parties in this action.  Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or the resolution of this litigation is warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions or responses to discovery and that

1

1   the protection it affords extends only to the limited information or items that are

2   entitled under applicable legal principles to treatment as confidential.  The parties

3   further acknowledge that this Stipulated Protective Order creates no entitlement to

4   file confidential information under seal; Civil Local Rule 79-5 sets forth the

5   procedures that must be followed and reflects the standards that will be applied when

6   a party seeks permission from the Court to file material under seal.

7              It is STIPULATED AND ORDERED as follows:

8         1.    This Order shall govern:

9                   (a)    all testimony at depositions, pre-trial hearings, and at trial;

10                  (b)    all documents, information, materials or things produced by

11  any party or third-party in response to discovery requests and subpoenas, under the

12  Federal Rules of Civil Procedure, or otherwise;

13                  (c)    all copies, abstracts, excerpts, analyses, summaries, or other

14  materials (written, electronic, or in other form) that contain, reflect, or disclose

15  information contained in such testimony, documents, or other materials.

16             The items listed in (a)-(c) above shall be referred to as "Discovery

17  Materials."

18        2.    Any party to this litigation shall have the right to designate

19  Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

20  pursuant to the terms of this Protective Order.  Discovery Materials designated

21  CONFIDENTIAL or HIGHLY CONFIDENTIAL will be referred to as "Designated

22  Materials."   Any third-party producing documents pursuant to a subpoena or

23  otherwise may designate Discovery Materials pursuant to this Protective Order only

24  if an authorized representative of the producing third-party executes a written

25  acknowledgment, substantially in the form of Exhibit 1 annexed to this Protective

26  Order, that the non-party has reviewed a copy of the Protective Order, will comply

27  with its terms, and will submit to the jurisdiction of this Court for adjudication of

28  any dispute regarding that third-party's designations under the Protective Order.

2

1   All designations must be made in good faith and on reasonable belief that the

2   designation accurately reflects the definition of CONFIDENTIAL or HIGHLY

3   CONFIDENTIAL materials.

4          (a)    Materials marked "CONFIDENTIAL" shall be those

5   Discovery Materials that the party making the designation (the "Designating Party")

6   in good faith reasonably believes to comprise non-public, proprietary or

7   confidential information (including but not limited to trade secrets[1]; confidential

8   research, development or commercial information, such as costs, pricing, budgets,

9   financial data, marketing plans and strategies; scripts; and any other confidential

10   or proprietary information not shared or disclosed to third parties) of the

11   Designating Party.

12          (b)    Subject to the provisions of paragraph 17, *infra,*

13   materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery

14   Materials that the Designating Party in good faith reasonably believes to comprise

15   trade secrets as defined in California Civil Code § 3426.1, or other competitively

16   sensitive confidential information of the Designating Party, the disclosure of

17   which would be likely to cause competitive harm. Discovery Materials may only

18   be designated HIGHLY CONFIDENTIAL if the Designating Party believes in

19   good faith that designation as CONFIDENTIAL will not provide adequate

20   protection.

21          (c)    All Discovery Materials made available for inspection, and

22   the information contained therein, shall be treated as "HIGHLY CONFIDENTIAL"

23   until such time as the Designating Party has had sufficient opportunity to review such

24   Discovery Materials and designate them as appropriate.

25          3.    Discovery Materials shall be used by the Receiving Party solely

26

27   [1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons

28   who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1112936.1

1  for purposes related to this litigation (the term "related to" is not without limitation,

2  and does not mean that Discovery Materials can be disseminated to the media and

3  general public), but not for any other purpose whatsoever.

4      4.    Information designated as "CONFIDENTIAL" ("Confidential

5  Information") shall be used by the Receiving Party solely for purposes related to this

6  litigation between the parties, and may be disclosed only to the following persons:

7      (a)    any employee or former employee of a party to whom it is

8  deemed necessary that the documents be shown for purposes of the litigation,

9  provided that any such employee or former employee shall be advised that they are

10  subject to the terms of this protective order before being provided Designated

11  Materials;

12      (b)    outside counsel for the respective parties, and employees of

13  and independent contractors for outside counsel that are engaged in work for

14  such counsel necessary to assist in this litigation.  The term "outside counsel"

15  shall mean the attorneys and their firms who have entered an appearance in this

16  case. If any of the parties seek to add additional law firms, it shall notify the

17  opposing party(ies) of the intended addition. The opposing party(ies) shall have 10

18  days from the date of notification in which to object to the disclosure of

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to the intended

20  additional law firm.  If objection is timely made, no "CONFIDENTIAL" or

21  "HIGHLY CONFIDENTIAL" material may be disclosed to said law firm(s) unless

22  otherwise agreed to by the parties or ordered by the Court.  Prior to disclosure of

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the additional law

24  firm shall acknowledge in writing that it is familiar with and agrees to comply with

25  all provisions of this Protective Order;

26      (c)    experts or consultants retained for purposes of this

27  litigation, but only to the extent necessary to: (a) prepare a written opinion, (b)

28  prepare to testify in the litigation, or (c) assist counsel in the prosecution of the

4

1  litigation; provided that such expert or consultant (i) is using the Confidential
2  Information solely in connection with the litigation, and (ii) signs the
3  Acknowledgement attached to this Protective Order before being provided
4  Confidential Information;

5              (d)    witnesses in the course of deposition, hearing, or trial
6  testimony where counsel has a reasonable and good faith belief that examination
7  with respect to the Confidential materials is necessary, and any person being prepared
8  to testify where counsel has a reasonable and good faith belief that such person will
9  be a witness in this action and that his examination with respect to the Confidential
10  Information is necessary in connection with such testimony; persons to whom
11  Confidential Information are disclosed pursuant to this subparagraph may not be
12  permitted to retain copies of the Confidential Information;

13             (e)    any authorized representative of an insurer or other person
14  providing or potentially providing indemnity with regard to the litigation, provided
15  that any such person shall be advised that they are subject to the terms of this
16  protective order before being provided Designated Materials.

17             (f)    the author of the Confidential Information and anyone
18  shown as having received the Confidential Information in the ordinary course of
19  business;

20             (g)    court reporters and persons preparing transcripts of
21  depositions;

22             (h)    in-house lawyers for the respective parties, and employees
23  regularly engaged in clerical work for such in-house lawyers;

24             (i)    the Court, Court personnel, and jurors or potential jurors;
25  and

26             (j)    any other person only upon order of the Court or upon
27  stipulation of the Designating Party, in writing or on the record of a deposition, or at
28  a hearing or trial.

5.   Information designated as "HIGHLY CONFIDENTIAL" ("Highly Confidential Information") shall be used by the Receiving Party solely for the purposes related to litigation between the parties and may be disclosed only to the following persons:

(a)   In-house counsel responsible for the litigation in the department of the company that regularly supervises such litigation matters and outside counsel for the respective parties, and employees of and independent contractors for outside counsel engaged in work for such counsel necessary to assist in this action.  The term "outside counsel" shall have the same meaning as defined in paragraph 4(b) above, and the same restrictions, terms and conditions set forth in paragraph 4(b) above shall apply equally to this paragraph 5;

(b)   experts or consultants retained for purposes of this litigation, but only to the extent necessary to: (a) prepare a written opinion, (b) prepare to testify in the litigation, or (c) assist counsel in the prosecution of the litigation; provided that such expert or consultant (i) is using the Highly Confidential Information solely in connection with the litigation, (ii) signs the Acknowledgement attached to this Protective Order before being provided Highly Confidential Information;

(c)   the author of the Highly Confidential Information and anyone shown as having received the Highly Confidential Information in the ordinary course of business;

(d)   a current officer or director of the Receiving Party for purposes of questioning the officer or director as a witness at a deposition, hearing, or trial, provided that (1) the Highly Confidential Information to be shown the witness relates to the topics on which the witness has been demonstrated to have knowledge; (2) counsel for the Receiving Party provides counsel for the Designating Party advance notice of the intent to question the witness at his/her deposition regarding the Highly Confidential Information, including a specific identification of the Highly

1112936.1

1   Confidential Information on which the witness is to be questioned; and (3) counsel
2   for the Receiving Party provides counsel for the Designating Party no less than
3   twenty-four (24) hours advance notice of the intent to question the witness at a
4   hearing or at trial regarding the Highly Confidential Information, including a
5   specific identification of the Highly Confidential Information on which the witness
6   is to be questioned;

7          (e)    any authorized representative of an insurer or other person
8   providing or potentially providing indemnity with regard to the litigation, provided
9   that any such person shall be advised that they are subject to the terms of this
10  protective order before being provided Designated Materials

11         (f)    court reporters and persons preparing transcripts of
12  depositions;

13         (g)    the Court, Court personnel, and jurors or potential jurors;
14  and

15         (h)    any other person only upon order of the Court or upon
16  stipulation of the Designating Party, in writing or on the record of a deposition,
17  hearing or trial.

18         6.     Persons who are authorized to review Designated Materials shall
19  hold such materials in confidence and shall not disclose their contents, either verbally
20  or in writing, to any person not otherwise authorized to receive such information under
21  this Protective Order, or otherwise required by law.  Copies of Designated Materials
22  shall be made only to the extent necessary to facilitate permitted use under this
23  Protective Order.

24         7.     The recipient of Designated Materials provided under this Order
25  shall maintain such information in a secure and safe area and shall exercise the same
26  standard of due and proper care with respect to the storage, custody, use and/or
27  dissemination of such information as is exercised by the recipient with respect to its
28  own proprietary information.  Designated Materials shall not be copied, reproduced,

1    summarized or abstracted, except to the extent that such copying, reproduction,

2    summarization or abstraction is reasonably necessary for purposes related to this

3    lawsuit. All such copies, reproductions, summarizations, extractions, and

4    abstractions shall be subject to the terms of the Order, and labeled in the same manner

5    as the Designated Materials on which they are based.

6              8.    In the event a Party deems it necessary or appropriate to disclose

7    any Materials designated as "CONFIDENTIAL" to any person not specified in

8    paragraph 4, or to disclose any Material designated as "HIGHLY CONFIDENTIAL"

9    to any person not specified in paragraph 5 (the "Proposed Disclosure"), that party

10   shall notify counsel for the producing Designating Party in writing of: (i) the

11   Designated Materials it wishes to disclose, and (ii) the person or persons to whom

12   such disclosure is to be made. The Proposed Disclosure shall not be made absent

13   written permission of the Designating Party, unless the party wishing to make the

14   Proposed Disclosure obtains an order from the Court permitting the Proposed

15   Disclosure. Counsel shall obtain from all persons to whom disclosures are made

16   pursuant to this paragraph 9 a written acknowledgement, substantially in the form of

17   Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this

18   Protective Order, will comply with its terms in all respects and will submit to the

19   jurisdiction of this Court for adjudication of any dispute about whether such person

20   or persons have complied with the terms of this Protective Order.

21             9.    In the event of any inadvertent disclosure of attorney-client

22   privileged information or information subject to the attorney work product doctrine

23   or any other privilege, the party making such inadvertent disclosure, after learning of

24   such inadvertent disclosure, shall notify the party to whom the inadvertent

25   disclosure was made; the party to whom the inadvertent disclosure was made shall

26   then immediately return such material and all copies the party made thereof. Also, in

27   the event any party hereto receives any document from another party that upon its

28   face is subject to the attorney-client privilege, attorney work product doctrine, or

1112936.1

1   any other privilege, that party shall immediately return such document and all

2   copies the party made thereof to the party who produced the document.

3        10.  Disclosing   parties  shall   designate  Discovery  Materials

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

5        (a)    In the case of documents, interrogatory answers, responses

6   to requests to admit, and the information contained therein, designation shall be

7   made by placing the following legend on every page of any such document prior to

8   production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

9        (b)    In the case of depositions, designation of the portion of the

10   transcript (including exhibits) which contains Designated Materials shall be made by a

11   statement to such effect on the record in the course of the deposition or, upon review

12   of such transcript, by counsel for the party to whose Designated Materials the

13   deponent has had access, which counsel shall designate within ten (10) days after

14   counsel's receipt of a certified transcript from the court reporter.  If a portion of a

15   deposition is designated as Designated Materials before the deposition is

16   transcribed, the transcript of the "Designated Materials" shall be bound in a

17   separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as

18   appropriate.  If a portion of a deposition is designated as Designated Materials

19   during the course of a deposition, counsel may request all persons, except persons

20   entitled to receive Designated Materials pursuant to this Protective Order, to leave the

21   room while the deposition is proceeding until completion of the answer or answers

22   containing Designated Materials. If a portion of a deposition is designated as

23   Designated Materials after the deposition is transcribed, counsel shall list on a

24   separate piece of paper the numbers of the pages of the transcript containing

25   Designated Materials, inserting the list at the end of the transcript, and mailing

26   copies of the list to counsel for all parties so that it may be affixed to the face of the

27   transcript and each copy thereof.  Pending such designation by counsel, the entire

28   deposition transcript, including exhibits, shall be deemed "HIGHLY

CONFIDENTIAL." If no designation is made within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

(c)     Transcripts of depositions or documentation produced in the action will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The parties shall use their best efforts to include Designated Materials in Court filings only when absolutely necessary, and shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Materials.  If a motion to seal is pending, any materials filed under seal shall remain under seal and shall not be disclosed to any person other than Court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to the sealed materials until the Court has ruled on that motion.  If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order.   A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

(d)     Any Designated Materials produced in a non-paper media (e.g. videotape, audiotape, computer disk, *etc.*) may be designated by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it is designated.

11.   If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such materials.   If the material is appropriately designated as "Confidential" or

10

"Highly Confidential" after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Order.

12.   A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.   In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the Designating Party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party seeking to de-designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may file a motion requesting that this Court determine whether the disputed material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order.  The burden of proving that information has been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Designating Party. Discovery Material designated as Designated Materials shall retain this status as well as its category of designation until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

13.   In the event that any Designated Materials are used in any Court proceeding in connection with this litigation (other than trial), it shall not lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14.   In the event that the case proceeds to trial, any Designated Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is admitted as an exhibit becomes public and will be presumptively available to all members of

1112936.1

1 the public, including the press, unless sufficient cause is shown in advance of trial to
2 proceed otherwise.

3     15.   If Designated Materials are disclosed to any person other than in the
4 manner authorized by this Order, the person responsible for the disclosure must
5 immediately bring all pertinent facts relating to such disclosure to the attention of
6 counsel for the Designating Party and, without prejudice to any other rights and
7 remedies of the parties, make every effort to prevent further disclosure by it or by the
8 person who was the recipient of such information.

9     16.   In the event any Receiving Party having possession, custody or
10 control of any Discovery Materials provided by the Designating Party receives a
11 subpoena or other process or order to produce in another legal proceeding the
12 Discovery Materials, such Receiving Party shall notify counsel for the Designating
13 Party of the subpoena or other process or order, furnish counsel for the Designating
14 Party with a copy of said subpoena or other process or order, and cooperate with
15 respect to all reasonable procedures sought to be pursued by the Designating Party
16 whose interests may be affected.  The Designating Party shall have the burden of
17 defending against such subpoena, process or order.  The Receiving Party shall be
18 entitled to comply with the subpoena or other process or order except to the extent the
19 Designating Party is successful in obtaining an order modifying or quashing the
20 subpoena or other process or order.

21     17.   Entering into, agreeing to, and/or producing or receiving
22 information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or
23 otherwise complying with the terms of this Protective Order shall not:

24     (a)   operate as an admission by any party that any material
25 designated by another party or non-party actually contains or reflects trade secrets or
26 other confidential information;

27     (b)   reduce in any way the rights of the parties or non-parties from
28 whom discovery may be sought to object to a request for discovery or to the

12

1112936.1

1   production of documents or materials that they may consider not subject to discovery

2   or privileged from discovery;

3         (c)   prejudice in any way the rights of any party to object to

4   the authenticity or admissibility of any document, materials, or testimony that is

5   subject to this Protective Order;

6         (d)   prejudice in any way the rights of any party to seek a

7   determination by the Court as to the appropriateness of a designation; and/or

8         (e)   prevent the parties from agreeing to alter or waive the

9   protections or remedies provided in this Protective Order with respect to any particular

10  Designated Materials or Discovery Materials, provided that such agreement,

11  alteration, or waiver is in writing and signed by both parties.

12      18.   This Stipulated Protective Order is without prejudice to the right of

13  any party to seek relief from the Court, upon good cause shown, from any of the

14  provisions contained in Stipulated Protective Order.

15      19.   This Stipulated Protective Order shall not be construed as waiving

16  any right to assert a claim of privilege, relevance, overbreadth, trade secret,

17  burdensomeness or other grounds for not producing material called for, and access

18  to such material shall be only as otherwise provided by the discovery rules and

19  other applicable law both foreign and domestic.

20      20.   Nothing contained herein shall preclude a producing entity from

21  using his, her, or its own confidential information, documents, or materials in any

22  manner he, she, or it sees fit, or from revealing such confidential information,

23  documents, or materials to whomever he, she, or it chooses.

24      21.   After termination of this action, the restrictions on the

25  communication and disclosure provided for herein shall continue to be binding upon

26  the parties and all other persons to whom Designated Materials or information

27  contained therein have been communicated or disclosed pursuant to the provisions

28  of this Order or any other Order of this Court.   The Court shall retain continuing

1112936.1

1   jurisdiction to enforce the terms of this Protective Order.

2          22.    All Designated Material subject to this Protective Order shall be
3   returned to the Designating Parties upon termination of this action (or, upon written
4   permission by the Designating Party, destroyed).   Termination of this action shall be
5   taken and construed as the date forty-five (45) days following (a) the filing of a
6   stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable
7   order disposing of this case; or (c) the expiration of the time for any appeal.   Upon
8   such termination, counsel of record for the Receiving Party shall notify counsel for the
9   Designating Party of compliance.   Counsel for the Receiving Party shall make a
10  reasonable effort to retrieve any documents or information subject to this Protective
11  Order from any person to whom such information has been given, and shall notify
12  counsel for the Designating Party of the failure to retrieve any such information.

13         Such information shall include descriptive detail of any document not
14  returned or destroyed.   Nothing in this paragraph shall preclude outside counsel from
15  retaining after termination of this action one copy of (a) pleadings, motions, and
16  memoranda filed with the Court; and (b) deposition, hearing and trial transcripts and
17  exhibits, provided, however, that such counsel may not disclose retained materials
18  that contain Designated Materials to any unauthorized person and shall keep such
19  retained materials in a manner reflecting their confidential nature.

20
21
                        Respectfully submitted,
22
    DATED:  September 5, 2008    LOUIS A. KARASIK
23                              CASONDRA K. RUGA
                                **ALSTON & BIRD LLP**
24
25
26
                                Casondra K. Ruga
27                              Attorneys for Plaintiff
                                TWENTIETH CENTURY FOX FILM
28                              CORPORATION

14

1112936.1

1

2

3    DATED: September   , 2008     PATRICIA L. GLASER
                                    KEVIN J. LEICHTER
4                                   **CHRISTENSEN, GLASER, FINK, JACOBS,**
                                    **WEIL & SHAPIRO, LLP**
5

6                                   _____

7                                   Kevin J. Leichter
                                    Attorneys for Defendants WARNER BROS.
8                                   ENTERTAINMENT, INC.; WB STUDIO
                                    ENTERPRISES, INC.; WARNER BROS. PICTURES
9

10   DATED: September   , 2008     STEVEN A. MARENBERG
                                    LAURA A. SEIGLE
11                                  JOSHUA M. RODIN
                                    **IRELL & MANELLA LLP**
12

13

14                                  _____

15                                  Laura A. Seigle
                                    Attorneys for Defendants WARNER BROS.
                                    ENTERTAINMENT, INC.; WB STUDIO
16                                  ENTERPRISES, INC.; WARNER BROS. PICTURES

17

18

19

20

21

22

23

24

25

26

27

28

1112936.1

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of **TWENTIETH CENTURY FOX FILM CORPORATION v. WARNER BROS. ENTERTAINMENT, INC., et. al., Case No. CV 08-0889 GAF (AJWx).** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
[printed name]

Signature:_____
[Signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ORDER**

FOR GOOD CAUSE SHOWN, the Stipulated Protective Order, filed concurrently herewith, is hereby entered.

Documents subject to this order may be filed under seal only by specific order of the Court.  If a party desires to file a document subject to this order under seal, the party shall submit a stipulation signed by all parties explaining specifically what documents are at issue and why they deserve heightened protection from disclosure.  If the parties are unable to reach a stipulation, the party desiring the file under seal may submit an *ex parte* application, explaining both why the Court should allow the filing to be under seal and also why the parties were unable to reach a stipulation.  Only in exceptional circumstances will the Court allow briefs to be filed under seal.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   9/30/08

Honorable Gary A. Feess
United States District Court Judge

1112936.1

16